UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ULICES AGUILAR, | ) | 1:12-cv—00094-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO |
| | ) | SUBMIT WITHIN THIRTY (30) DAYS A |
| | ) | SIGNED DECLARATION CONCERNING THE |
| v. | ) | PETITION |
| | ) | |
| MATTHEW CATE, SEC. OF THE | ) | ORDER TO PETITIONER TO SHOW CAUSE |
| CDCR, | ) | NO LATER THAN THIRTY (30) DAYS |
| | ) | AFTER SERVICE WHY THE PETITION |
| Respondent. | ) | SHOULD NOT BE DISMISSED FOR |
| | ) | PETITIONER'S FAILURE TO EXHAUST |
| | ) | STATE COURT REMEDIES |
| | | (Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on January 20, 2012.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Lack of a Verification

A review of the petition shows that although Petitioner respectfully submitted and signed the petition, Petitioner did not submit a verification of the petition.

Local Rule 131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases (Habeas Rules) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner will be given an opportunity

2

to submit a document stating that he submitted the petition to the Court and verifying its contents to be true under penalty of perjury of the laws of the United States. Petitioner must sign the document under penalty of perjury; the document should contain an original signature. Petitioner will be granted thirty (30) from the date of service of this order to comply with the Court's directive.

Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

### III. Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court

3

was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.

4

> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997);

1  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997),
2  cert. denied, 117 S.Ct. 1794 (1997).  However, the Court must
3  give a petitioner an opportunity to amend a mixed petition to
4  delete the unexhausted claims and permit review of properly
5  exhausted claims.  Rose v. Lundy, 455 U.S. at 520; Calderon v.
6  United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir.
7  1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221
8  F.3d 1074, 1077 (9th Cir. 2000).
9       Here, Petitioner alleges that he is an inmate of the
10 Ironwood State Prison (ISP) located in Blythe, California,
11 serving a sentence of forty (40) years to life imposed by the
12 Superior Court of the State of California for the County of
13 Tulare for second degree murder with gun and gang enhancements in
14 violation of Cal. Pen. Code §§ 187, 12022.53, and 186.22.  (Pet.
15 1.)
16      Petitioner alleges the following claims in the petition: 1)
17 the trial court erred in allowing previously adjudicated gun and
18 gang enhancements to be retried and thereby violated Petitioner's
19 protection against double jeopardy under the state constitution
20 and the Fifth Amendment of the Federal Constitution as well as
21 Petitioner's right to a fair trial and due process of law; 2) the
22 trial court erred in failing to discharge juror number three for
23 juror misconduct and bias and thereby violated Petitioner's right
24 to trial by an impartial jury under the Sixth and Fourteenth
25 Amendments and denied Petitioner's right to a fair trial and due
26 process of law; 3) the trial court erred in failing to discharge
27 juror number 9 for juror misconduct and bias and thereby violated
28 Petitioner's right to trial by an impartial jury under the Sixth

and Fourteenth Amendments and denied Petitioner's right to a fair trial and due process of law; 4) the evidence at trial was insufficient to support a finding that Petitioner committed the crime with the specific intent to further criminal activity of gang members, which resulted in a violation of Petitioner's right to due process of law and denial of his right to a fair trial; 5) the misconduct of juror number three in concealing her bias during voir dire and in violating the trial court's separation admonition violated Petitioner's rights to trial by an impartial jury guaranteed by the Sixth and Fourteenth Amendments, to a fair trial, and to due process of law; 6) the misconduct of juror number 9 in concealing her bias during voir dire violated Petitioner's right to an impartial jury guaranteed by the Sixth Amendment; 7) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments and due process of law when counsel failed to challenge for cause, or procure the discharge of, juror number three; 8) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments when counsel failed to investigate and challenge juror number four for cause based on the inability to render an impartial verdict; 9) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments when counsel failed to investigate the impartiality of juror number nine, challenge the juror for cause, or procure the juror's discharge; and 10) the cumulative impact of the trial court's errors with respect to retrial of the enhancements, insufficiency of the evidence, and the failure to dismiss jurors three and nine, combined with the

previously described juror misconduct and ineffective assistance of counsel, prejudiced Petitioner's right to a fair trial and due process. (Pet. 4-5, 14-28.)

With respect to exhaustion of his claims, Petitioner alleges that he raised issues concerning double jeopardy, jury misconduct, and insufficiency of the evidence on direct appeal and on review by the California Supreme Court. (Id. at 2.) He further alleges that with respect to double jeopardy, jury misconduct, insufficiency of the evidence, prosecutorial misconduct, and the ineffective assistance of counsel, he filed a petition for writ of habeas corpus in the trial court, which was denied in October 2011. (Id. at 3.) He further alleges that he filed a petition concerning jury misconduct, prosecutorial misconduct, and ineffective assistance of counsel in the Court of Appeal of the State of California, Fifth Appellate District, which is currently pending.

It therefore appears that even if Petitioner's allegations are liberally read, Petitioner has failed to present his claims concerning cumulative error and ineffective assistance of counsel to the California Supreme Court. Further, the allegations are unclear, but it is possible that he has not presented the issues concerning trial court error involving jury misconduct to the California Supreme Court.

The Court thus concludes that the petition appears to be a "mixed" petition in which Petitioner seeks to raise both exhausted and unexhausted claims. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C.

§ 2254(b)(1).

Thus, Petitioner must inform the Court if his claims concerning the ineffective assistance of counsel, cumulative error, and trial court error involving jury misconduct have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

IV.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a signed verification of the petition in compliance with this order; and

2) Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies as to all his claims. Petitioner is ORDERED to inform the Court no later than thirty (30) days after the date of service of this order whether or not his claims concerning cumulative error, the ineffective assistance of counsel, and trial court error involving jury misconduct have been presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   January 25, 2012**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE