UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULICES AGUILAR,<br><br>               Petitioner,<br><br>   v.<br><br>MATTHEW CATE, SEC. OF THE CDCR,<br><br>               Respondent. | 1:12-cv-00094-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 4)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY THE PETITION PURSUANT TO RHINES v. WEBER (Doc. 8)<br><br>ORDER GRANTING PETITIONER THIRTY (30) DAYS FROM THE DATE OF SERVICE OF THIS ORDER TO WITHDRAW PETITIONER'S UNEXHAUSTED CLAIMS AND SEEK A KELLY STAY<br><br>INFORMATIONAL ORDER TO PETITIONER CONCERNING DISMISSAL IF UNEXHAUSTED CLAIMS ARE NOT WITHDRAWN |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 1, 2012 (doc. 6). Pending before the Court are Petitioner's response to the Court's order to show cause, and Petitioner's motion for a stay and abeyance of the proceedings, which were filed on February 6, 2012.

I.   Screening the Petition

The pending order and application arise out of the Court's initial screening of the petition, which was filed on January 20, 2012.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.   Background

In the petition, Petitioner alleges that he is an inmate of the Ironwood State Prison (ISP) located at Blythe, California, serving a sentence of forty (40) years to life imposed in 2008 by the Superior Court of the State of California for the County of Tulare for second degree murder with gun and gang enhancements in

violation of Cal. Pen. Code §§ 187, 12022.53, and 186.22.  (Pet. 1.)

Petitioner alleges the following claims in the petition: 1) the trial court erred in allowing previously adjudicated gun and gang enhancements to be retried and thereby violated Petitioner's protection against double jeopardy under the state constitution and the Fifth Amendment of the Federal Constitution as well as his rights to a fair trial and due process of law; 2) the trial court erred in failing to discharge juror number three for juror misconduct and bias and thereby violated Petitioner's right to trial by an impartial jury under the Sixth and Fourteenth Amendments and denied Petitioner's rights to a fair trial and due process of law; 3) the trial court erred in failing to discharge juror number nine for juror misconduct and bias and thereby violated Petitioner's right to trial by an impartial jury guaranteed by the Sixth and Fourteenth Amendments and denied Petitioner's rights to a fair trial and due process of law; 4) the evidence at trial was insufficient to support a finding that Petitioner committed the crime with the specific intent to further criminal activity of gang members, which resulted in a violation of Petitioner's right to due process of law and denial of his right to a fair trial; 5) the misconduct of juror number three in concealing her bias during voir dire and in violating the trial court's separation admonition violated Petitioner's rights to trial by an impartial jury guaranteed by the Sixth and Fourteenth Amendments, to a fair trial, and to due process of law; 6) the misconduct of juror number nine in concealing her bias during voir dire violated Petitioner's right to an impartial

3

jury guaranteed by the Sixth Amendment; 7) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments and due process of law when counsel failed to challenge for cause, or procure the discharge of, juror number three; 8) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments when counsel failed to investigate and challenge juror number four for cause based on the juror's inability to render an impartial verdict; 9) Petitioner was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments when counsel failed to investigate the impartiality of juror number nine, challenge the juror for cause, or procure the juror's discharge; and 10) the cumulative impact of the trial court's errors with respect to retrial of the enhancements, insufficiency of the evidence, and the failure to dismiss jurors three and nine, combined with the previously described juror misconduct and ineffective assistance of counsel, prejudiced Petitioner's right to a fair trial and due process.  (Pet. 4-5, 14-28.)

With respect to exhaustion of his claims, Petitioner alleges that he raised issues concerning double jeopardy, jury misconduct, and insufficiency of the evidence on direct appeal and on review by the California Supreme Court.  (Id. at 2.)  He further alleges that with respect to double jeopardy, jury misconduct, insufficiency of the evidence, prosecutorial misconduct, and the ineffective assistance of counsel, he filed a petition for writ of habeas corpus in the trial court, which was denied in October 2011.  (Id. at 3.)  He filed a petition concerning jury misconduct, prosecutorial misconduct, and

4

ineffective assistance of counsel in the Court of Appeal of the State of California, Fifth Appellate District, which is currently pending.

Accordingly, even if Petitioner's allegations are liberally construed, he has failed to present his claims concerning cumulative error and ineffective assistance of counsel to the California Supreme Court. Further, although the allegations are unclear, it is possible that he has not presented the issues concerning trial court error involving jury misconduct to the California Supreme Court. Thus, Petitioner has filed a "mixed" petition in which Petitioner seeks to raise both exhausted and unexhausted claims.

In an order filed on January 26, 2012, the Court informed Petitioner concerning the legal requirement of exhaustion of state court remedies as to all his claims and ordered Petitioner to show cause within thirty days why the petition should not be dismissed for Petitioner's failure to exhaust all claims. Petitioner was directed to inform the Court whether or not his claims concerning the ineffective assistance of counsel, cumulative error, and trial court error involving jury misconduct have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

On February 6, 2012, Petitioner filed a motion for stay and abeyance of the petition acknowledging the Court's order to show cause, noting the Court's general authority to stay proceedings on petitions pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or

to dismiss the petition without prejudice to permit a petitioner to exhaust unexhausted claims, and requesting that the Court stay the petition so that he could exhaust his claims.

In his response to the order to show cause, Petitioner did not provide any information concerning exhaustion of any of the specific claims as to which exhaustion was uncertain.

Because Petitioner has responded to the order to show cause, the order to show cause will be discharged.

III.   Exhaustion of State Judicial Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

1  (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
2  (1992), superceded by statute as stated in Williams v. Taylor,
3  529 U.S. 362 (2000) (factual basis).
4      Additionally, the petitioner must have specifically told the
5  state court that he was raising a federal constitutional claim.
6  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
7  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala
8  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,
9  133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United
10 States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding,

7

> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to

8

delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

   IV.   Petitioner's Motion for a Stay

   Because Petitioner has filed a mixed petition, his choices would normally be either to withdraw the unexhausted claims and proceed with only the exhausted claims, or suffer dismissal of the mixed petition, return to state court to exhaust the unexhausted claims, and file another petition here. Petitioner seeks to avoid these options by applying for a stay of the presently pending petition while he exhausts state court remedies as to unexhausted claims.

   A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277-78. A stay of a mixed petition pursuant to Rhines is required

only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Petitioner's claims are without merit.  Further, it does not necessarily appear that Petitioner has been intentionally dilatory.  However, Petitioner has not provided the Court with the requested information concerning his exhaustion of his particular claims, so the efforts undertaken by Petitioner and the extent of exhaustion of his claims remain unclear.

With respect to good cause, the Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit

has held that the standard is less stringent than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances." Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner does not provide any basis for a finding that he had good cause for failing to exhaust state court remedies as to his unexhausted claims. Although he alleges the ineffective assistance of trial counsel and he is proceeding pro se, these circumstances are not unusual in the lives of prisoners. If Petitioner's assertions qualified as good cause, a Rhines stay would be available in virtually every case in which a petitioner was ignorant of the law or without counsel to represent him with respect to discretionary, post-conviction proceedings. This would run counter to the directions in Rhines and Wooten that stays be available only in limited circumstances.

Accordingly, the Court concludes that because Petitioner has not demonstrated good cause, he has not established his entitlement to a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

The Court may stay the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), by using a three-step procedure:

1) the petitioner must file an amended petition deleting the unexhausted claims; 2) the district court will stay and hold in abeyance the fully exhausted petition; and 3) the petitioner will later amend the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.[1]

Petitioner will be given an opportunity to withdraw all unexhausted claims from the petition, including but not limited to any unexhausted claims concerning cumulative error, ineffective assistance of counsel, and trial court error involving jury misconduct, and to have the remaining petition containing only fully exhausted claims stayed pending exhaustion of the other claims in state court. The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

V.  Disposition

Accordingly, it is ORDERED that:

1)  The order to show cause that issued on January 26, 2012, is DISCHARGED; and

2)  Petitioner's motion for a stay of the instant petition pursuant to Rhines v. Weber is DENIED; and

3)  Petitioner is GRANTED thirty (30) days from the date of

---

[1] It is unclear whether Petitioner will have sufficient time to be able to exhaust his unexhausted claims. However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay. Further, the undersigned is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

service of this order to file a motion to withdraw the unexhausted claims and to seek a stay of the fully exhausted petition.  In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.[2]

IT IS SO ORDERED.

**Dated:   March 9, 2012**                    /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).
    Petitioner is further informed that the Supreme Court has held in pertinent part:
    [I]n the habeas corpus context it would be appropriate
    for an order dismissing a mixed petition to instruct an
    applicant that upon his return to federal court he is to
    bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a)
    and (b).  Once the petitioner is made aware of the exhaustion
    requirement, no reason exists for him not to exhaust all potential
    claims before returning to federal court.  The failure to comply
    with an order of the court is grounds for dismissal with prejudice.
    Fed. Rules Civ. Proc. 41(b).
Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.