UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULICES AGUILAR, | ) 1:12-cv—00094-SKO-HC |
| Petitioner, | ) ORDER DIRECTING THE CLERK TO RE-SERVE THE COURT'S ORDER (DOC. 9) |
| v. | ) |
| MATTHEW CATE, SEC. OF THE CDCR, | ) ORDER GRANTING PETITIONER TEN (10) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER TO WITHDRAW PETITIONER'S UNEXHAUSTED CLAIMS |
| Respondent. | ) AND SEEK A <u>KELLY</u> STAY |
| | ) INFORMATIONAL ORDER TO PETITIONER CONCERNING DISMISSAL IF UNEXHAUSTED CLAIMS ARE NOT TIMELY WITHDRAWN |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 1, 2012 (doc. 6).  Pending before the Court is Petitioner's "NOTICE OF DELAY," filed on May 18, 2012.

I. Background

On January 26, 2012, the Court issued an order to Petitioner

1

to show cause why the petition should not be dismissed for failure to exhaust state court remedies as to some of the claims alleged in the petition.[1] (Doc. 4.) In response, on February 6, 2012, Petitioner filed a motion for stay and abeyance of the petition. However, Petitioner did not inform the Court as to which of his claims he had exhausted state court remedies or provide the Court any of the requested information regarding the status of Petitioner's efforts to exhaust state court remedies as to the claims stated in the petition.

On March 9, 2012, the Court discharged the order to show cause, denied Petitioner's motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005), and granted Petitioner thirty days from the date of service of the order to withdraw his unexhausted claims in anticipation of a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (Doc. 9.) This order was served by mail on Petitioner on March 9, 2012, and the mail has not been returned. Petitioner did not withdraw his unexhausted claims or otherwise respond to the Court's order of March 9, 2012.

On May 18, 2012, Petitioner filed a document stating under penalty of perjury that on March 26, 2012, he had filed a "REQUEST FOR NOTICE OF FILING," which does not appear on the docket. Petitioner further stated that he had not received an order in response to his filings. He requested a notice of

---

[1] It appeared that Petitioner had failed to present to the California Supreme Court his claims concerning cumulative error and ineffective assistance of counsel, and it was further possible that he had not presented issues concerning trial court error involving jury misconduct.

2

receipt or of filing and a copy of the pertinent docket entries.[2] Implied in Petitioner's "NOTICE OF DELAY" is an assertion that Petitioner did not receive the Court's order of March 9, 2012, although Petitioner does not appear to make such an assertion directly under penalty of perjury.

## II. Directions to the Clerk

Although the Court's docket clearly reflects prior service of the order, the Clerk is DIRECTED to send to Petitioner a copy of the Court's order of March 9, 2009 (doc. 9) along with this order.

## III. Order to Petitioner to Identify and Withdraw All Unexhausted Claims No Later than Ten (10) Days after the Date of Service of this Order or Suffer Dismissal of the Petition

Petitioner is DIRECTED to file no later than ten (10) days after the date of service of this order 1) a statement identifying all claims in the petition as to which state court remedies have not been exhausted, and 2) a motion to withdraw all unexhausted claims from the petition.

In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.

IT IS SO ORDERED.

**Dated:   June 21, 2012**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not prepare and send copies of filed documents or of its docket to litigants.

3