1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULICES AGUILAR, | ) 1:12-cv—00094-SKO-HC |
| | ) |
|             Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS FOR FAILURE |
| | ) TO EXHAUST STATE COURT REMEDIES |
|   v. | ) (DOC. 1) |
| | ) |
| MATTHEW CATE, | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY AND |
|            Respondent. | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) CASE |
| _____ | ) |

    Petitioner is a state prisoner proceeding pro se and in

forma pauperis with a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

Petitioner has consented to the jurisdiction of the United States

Magistrate Judge to conduct all further proceedings in the case,

including the entry of final judgment, by manifesting consent in

a signed writing filed by Petitioner on February 1, 2012 (doc.

6).  Pending before the Court is the petition, which was filed on

January 20, 2012.

1

1        I.   Background

2        During the screening process, the Court ordered Petitioner

3   to show cause why the petition should not be dismissed for

4   Petitioner's failure to exhaust state court remedies as to some

5   of the claims in the petition.  Petitioner responded by

6   requesting a stay to permit exhaustion pursuant to Rhines v.

7   Weber, 544 U.S. 269, 276 (2005).  The Court denied Petitioner's

8   request for a Rhines stay but granted Petitioner thirty days to

9   withdraw his unexhausted claims, seek a stay pursuant to under

10  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and proceed with

11  his fully exhausted claims.

12       Petitioner responded to the Court's order by filing a

13  response on July 5, 2012, in which Petitioner acknowledged that

14  the petition was a "mixed" petition containing both exhausted and

15  unexhausted claims.  However, Petitioner stated that he declines

16  to proceed with the exhausted claims and instead intends to

17  address the court in a timely and "unmixed" petition, which he

18  will file after he receives an anticipated decision from the

19  California Supreme Court.  (Doc. 12, 1-2.)

20       II.  Dismissal of the Petition

21       Rule 4 of the Rules Governing § 2254 Cases in the United

22  States District Courts (Habeas Rules) requires the Court to make

23  a preliminary review of each petition for writ of habeas corpus.

24  The Court must summarily dismiss a petition "[i]f it plainly

25  appears from the petition and any attached exhibits that the

26  petitioner is not entitled to relief in the district court...."

27  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

28  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

1990).  Habeas Rule 2(c) requires that a petition 1) specify all

grounds of relief available to the Petitioner; 2) state the facts

supporting each ground; and 3) state the relief requested.

Notice pleading is not sufficient; the petition must state facts

that point to a real possibility of constitutional error.  Rule

4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,

915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75

n. 7 (1977)).  Allegations in a petition that are vague,

conclusory, or palpably incredible are subject to summary

dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

        Further, the Court may dismiss a petition for writ of habeas

corpus either on its own motion under Habeas Rule 4, pursuant to

the respondent's motion to dismiss, or after an answer to the

petition has been filed.  Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

(9th Cir. 2001).

        III.   Failure to Exhaust State Court Remedies as to All
               Claims in the Petition

        A petitioner who is in state custody and wishes to challenge

collaterally a conviction by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and

gives the state court the initial opportunity to correct the

state's alleged constitutional deprivations.  Coleman v.

Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

1988).

///

1    A petitioner can satisfy the exhaustion requirement by

2 providing the highest state court with the necessary jurisdiction

3 a full and fair opportunity to consider each claim before

4 presenting it to the federal court, and demonstrating that no

5 state remedy remains available.  Picard v. Connor, 404 U.S. 270,

6 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

7 1996).  A federal court will find that the highest state court

8 was given a full and fair opportunity to hear a claim if the

9 petitioner has presented the highest state court with the claim's

10 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365

11 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

12 (1992), superceded by statute as stated in Williams v. Taylor,

13 529 U.S. 362 (2000) (factual basis).

14    Additionally, the petitioner must have specifically told the

15 state court he was raising a federal constitutional claim.

16 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

17 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

18 v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

19 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

20 States Supreme Court reiterated the rule as follows:

21    In Picard v. Connor, 404 U.S. 270, 275...(1971),
    we said that exhaustion of state remedies requires that
22    petitioners "fairly presen[t]" federal claims to the
    state courts in order to give the State the
23    "'opportunity to pass upon and correct' alleged
    violations of the prisoners' federal rights" (some
24    internal quotation marks omitted). If state courts are
    to be given the opportunity to correct alleged violations
25    of prisoners' federal rights, they must surely be
    alerted to the fact that the prisoners are asserting
26    claims under the United States Constitution. If a
    habeas petitioner wishes to claim that an evidentiary
27    ruling at a state court trial denied him the due
    process of law guaranteed by the Fourteenth Amendment,
28    he must say so, not only in federal court, but in state

4

1    court.

2    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

3    further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

4    2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

5    Cir. 2001), stating:

6         Our rule is that a state prisoner has not "fairly
          presented" (and thus exhausted) his federal claims
7         in state court unless he specifically indicated to
          that court that those claims were based on federal law.
8         See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
          2000). Since the Supreme Court's decision in Duncan,
9         this court has held that the petitioner must make the
          federal basis of the claim explicit either by citing
10        federal law or the decisions of federal courts, even
          if the federal basis is "self-evident," Gatlin v. Madding,
11        189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
          Harless, 459 U.S. 4, 7... (1982), or the underlying
12        claim would be decided under state law on the same
          considerations that would control resolution of the claim
13        on federal grounds, see, e.g., Hiivala v. Wood, 195
          F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
14        88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
          at 865.
15        ...
          In Johnson, we explained that the petitioner must alert
16        the state court to the fact that the relevant claim is a
          federal one without regard to how similar the state and
17        federal standards for reviewing the claim may be or how
          obvious the violation of federal law is.
18
     Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as
19
     amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.
20
     2001).
21
          Where none of a petitioner's claims has been presented to
22
     the highest state court as required by the exhaustion doctrine,
23
     the Court must dismiss the petition.  Raspberry v. Garcia, 448
24
     F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
25
     481 (9th Cir. 2001).  Further, where some claims are exhausted
26
     and others are not (i.e., a "mixed" petition), the Court must
27
     dismiss the petition without prejudice to give Petitioner an
28

                                    5

1  opportunity to exhaust the claims if he can do so.  Rose, 455

2  U.S. at 510, 521-22; Calderon v. United States Dist. Court

3  (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert.

4  denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d

5  1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997).

6  However, the Court must give a petitioner an opportunity to amend

7  a mixed petition to delete the unexhausted claims and permit

8  review of properly exhausted claims.  Rose v. Lundy, 455 U.S. at

9  520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981,

10 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v.

11 Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

12     Although non-exhaustion of remedies has been viewed as an

13 affirmative defense, it is the petitioner's burden to prove that

14 state judicial remedies were properly exhausted.  28 U.S.C.

15 § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),

16 overruled in part on other grounds in Fay v. Noia, 372 U.S. 391

17 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

18 If available state court remedies have not been exhausted as to

19 all claims, a district court must dismiss a petition.  Rose v.

20 Lundy, 455 U.S. 509, 515-16 (1982).

21     As Petitioner acknowledges, he has not exhausted his state

22 court remedies as to some of the claims in the instant petition.

23 Accordingly, the petition is a mixed petition containing

24 exhausted and unexhausted claims.  Petitioner has been given an

25 opportunity to withdraw the unexhausted claims and to proceed on

26 the fully exhausted claims; he has declined to withdraw the

27 unexhausted claims.  The Court must, therefore, dismiss the

28 petition without prejudice.

6

1

2          IV.  Certificate of Appealability

3          Unless a circuit justice or judge issues a certificate of

4   appealability, an appeal may not be taken to the Court of Appeals

5   from the final order in a habeas proceeding in which the

6   detention complained of arises out of process issued by a state

7   court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

8   U.S. 322, 336 (2003).  A certificate of appealability may issue

9   only if the applicant makes a substantial showing of the denial

10  of a constitutional right.  § 2253(c)(2).  Under this standard, a

11  petitioner must show that reasonable jurists could debate whether

12  the petition should have been resolved in a different manner or

13  that the issues presented were adequate to deserve encouragement

14  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

15  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

16  certificate should issue if the Petitioner shows that jurists of

17  reason would find it debatable whether the petition states a

18  valid claim of the denial of a constitutional right and that

19  jurists of reason would find it debatable whether the district

20  court was correct in any procedural ruling.  Slack v. McDaniel,

21  529 U.S. 473, 483-84 (2000).

22          In determining this issue, a court conducts an overview of

23  the claims in the habeas petition, generally assesses their

24  merits, and determines whether the resolution was debatable among

25  jurists of reason or wrong.  Id.  It is necessary for an

26  applicant to show more than an absence of frivolity or the

27  existence of mere good faith; however, it is not necessary for an

28  applicant to show that the appeal will succeed.  Miller-El v.

                                    7

1    Cockrell, 537 U.S. at 338.

2         A district court must issue or deny a certificate of

3    appealability when it enters a final order adverse to the

4    applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

5         Here, it does not appear that reasonable jurists could

6    debate whether the petition should have been resolved in a

7    different manner.  Petitioner has not made a substantial showing

8    of the denial of a constitutional right.

9         Accordingly, the Court will decline to issue a certificate

10   of appealability.

11        V.   Disposition

12        Accordingly, it is ORDERED that:

13        1)   The petition for writ of habeas corpus is DISMISSED

14   without prejudice[1] for Petitioner's failure to exhaust state

15   court remedies; and

16        3)   The Court DECLINES to issue a certificate of

17

18        [1] Petitioner is informed that a dismissal for failure to exhaust will not
19   itself bar him from returning to federal court after exhausting his available
     state remedies.  However, this does not mean that Petitioner will not be
20   subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).
     Although the limitations period is tolled while a properly filed request for
     collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not
21   tolled for the time an application is pending in federal court.  Duncan v.
     Walker, 533 U.S. 167, 172 (2001).
22        Petitioner is further informed that the Supreme Court has held in
     pertinent part:
23        [I]n the habeas corpus context it would be appropriate
          for an order dismissing a mixed petition to instruct
          an applicant that upon his return to federal court he is to
24        bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a)
          and (b).  Once the petitioner is made aware of the exhaustion
25        requirement, no reason exists for him not to exhaust all potential
          claims before returning to federal court.  The failure to comply
26        with an order of the court is grounds for dismissal with prejudice.
          Fed. Rules Civ. Proc. 41(b).  Slack v. McDaniel, 529 U.S. 473, 489
27        (2000).
     Therefore, Petitioner is forewarned that in the event he returns to federal
28   court and files a mixed petition of exhausted and unexhausted claims, the
     petition may be dismissed with prejudice.

                                        8

1    appealability; and

2        4)   The Clerk is DIRECTED to close the case.

3

4    IT IS SO ORDERED.

5    **Dated:    July 10, 2012**                              **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9